RECEIVED

MAR 14 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

John MORALES,

    Plaintiff,

v.

PEPSICO, INC.,

    Defendant.

Civ. No. 11-6275 (AET)

OPINION & ORDER

THOMPSON, U.S.D.J.

## I.    INTRODUCTION

This matter has come before the Court on the Joint Motion (1) to Approve Settlement and (2) for Dismissal of the Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 41(a) [docket # 8] submitted by Plaintiff John Morales and Defendant Bottling Group, LLC (sued as "PepsiCo, Inc." and hereinafter referred to as "Pepsi"). The Court has decided the motion after taking into consideration the parties' unopposed submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Motion is granted.

## II.    BACKGROUND

The Court presumes that the parties are familiar with the underlying factual and procedural history of this action. In brief, this case arises out of a dispute involving purported violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), as amended.

Plaintiff initiated this action on October 26, 2011 by filing a Complaint alleging a collective action on behalf of himself and those similarly situated for alleged earned but unpaid

1

straight-time and overtime compensation for allegedly working through unpaid 30 minute meal periods. [1].

Plaintiff is the only Plaintiff in this opt-in FLSA collective action and a motion to conditionally certify the class has not been filed by Plaintiff.

On December 28, 2011, after extensive arms-length negotiation and discussion between counsel for Plaintiff and counsel for Pepsi, the Parties entered into a Settlement Agreement and Release of All Claims (the "Settlement Agreement"). The Settlement Agreement resolves all claims of Plaintiff, as an individual, raised in the Complaint against Pepsi in exchange for valuable consideration.

On February 16, 2012, the parties filed the instant Motion.

### III.   ANALYSIS

"When employees bring a private right of action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679F.2d 1350,1353 (11thCir.1982); *see also Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260 (M.D. Ala 2003) (a settlement resolving individual FLSA claims should be approved where it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions").

Based on the record, the terms and conditions of the settlement, and the applicable law, the Court finds that the settlement reflects good faith negotiations between the parties as to the reasonable valuation of Plaintiff's underlying claims. The Court is mindful of the strong presumption in favor of settlement. *See Farris v. J.C. Penney, Inc.*, 176 F.3d 706, 711 (3d Cir. 1999). Moreover, the Court is satisfied that the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute of Plaintiff's FLSA claims and that the Settlement

Agreement will not prejudice the rights of any other putative class members. As such, the Court believes that no party is unduly prejudiced by entry of this Judgment.

## IV.   CONCLUSION

For the foregoing reason, IT is on this 13th day of March 2012,

ORDERED that the Joint Motion (1) to Approve Settlement and (2) for Dismissal of the Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 41(a) [docket # 8] is GRANTED; and it is

ORDERED that the Settlement Agreement is APPROVED; and it is further

ORDERED that this case is hereby dismissed with prejudice.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.